**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS,                    ) | |
|                                                         ) | |
|          Plaintiff,            ) | |
|                                                         )  Case No. 08 C 2831 | |
| v.                                                  ) | |
|                                                         )  Judge Joan B. Gottschall | |
| SAADIQ BEY,                              ) | |
|                                                         ) | |
|          Defendant.       ) | |

**ORDER**

Defendant Saadiq Bey ("Bey"), who is charged in the Circuit Court of Cook County, 3rd Municipal District (Case No. 08-MC-1476) with felony aggravated use of a weapon, misdemeanor display of an unauthorized automobile registration ("Moorish National license plates") and driving without insurance, has removed his state criminal case from the Circuit Court to this court. The court hereby remands Bey's case to the state court.

**I. ANALYSIS**

Bey, who asserts that he is a "Moorish American National … dwelling inside the Illinois Territory within Illinois State Republic," has removed his state criminal case to this court on grounds of diversity of citizenship. Bey cites 28 U.S.C. § 1332 as authorization for both the removal and the court's jurisdiction. However his reliance on the statute is inapposite, since the relevant portions of § 1332 establish federal jurisdiction only in civil cases where there is complete diversity between the parties and in which the amount in controversy exceeds $75,000, but not in state criminal cases. Bey

1

also cites 28 U.S.C. § 1441 in support of his removal, claiming that because "Moors are not citizens of the United States Society, but are the natural people of the Continental United States, being Part and Parcel of the government to which the United States is obligated," diversity of citizenship therefore exists and the case is capable of removal to federal court. However, Bey's reliance on § 1441 is also misplaced because the statute applies, once again, only to civil suits and not to state criminal cases. Bey cites numerous other sources of authority in support of removal, notably *Dred Scott v. Sandford*, 60 U.S. 393 (1856), *superseded by Constitutional Amendment*, U.S. Const. amend XIV, § 1; The Treaty of Peace and Friendship between the United States and Morocco, Meknes, 16 September, 1836; and the Zodiac Constitution (Nature's Law).

Bey is apparently confusing his claimed nationality with "citizenship" as defined for purposes of determining federal jurisdiction. In legal usage, the citizenship of a party who is a natural person (as Bey explicitly concedes that he is) is determined by his domicile. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 729 (7th Cir. 1991). Domicile, in turn, has two elements: (1) physical presence or residence in a state; and (2) an intent to remain in that state. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Thus Bey, who claims that he is a Moorish American National is nevertheless a citizen of the state of Illinois if he is domiciled in that state (as he also concedes that he is). Regardless of his citizenship, however, he cannot remove his case to federal court on grounds of diversity of citizenship, because 28 U.S.C. § 1441 applies only to civil, and not criminal, state cases.

More importantly, Bey's removal of his state criminal case to federal court is improper. Even if Bey had pleaded his case under the applicable removal statute for state

criminal cases, 28 U.S.C. § 1443, his case would nevertheless be necessarily remanded by the court. Section 1443 reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. 1443. Therefore, to satisfy the § 1443(1) test for removal, a petitioner must: (1) allege having been denied a right arising under a federal law that provides for specific civil rights stated in terms of racial equality; and (2) those federal rights allegedly must have been denied, or cannot be enforced, in the state courts. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Hudson v. Chicago Police Dept.*, 860 F. Supp. 521, 524 (N.D. Ill. 1994). Bey has been charged with sundry criminal offenses against the People of the State of Illinois. He does not allege that he has been denied due process, or that his civil rights have been violated, rather, he is attempting to remove the state criminal case in which he is a defendant to federal court.[1] However, no federal law or allegations of denial of equal protection are involved in this case.

Furthermore, it is well established that determining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). "If there is a dispute over whether an individual should be in custody of either the state or the

---

[1] If Bey feels that his civil rights have been violated in this case, he can file a civil action pursuant to 42 U.S.C. § 1983 in federal court. However, such a case cannot proceed until the state court criminal proceedings are completed. *See Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995).

3

federal government, that dispute is between the two sovereigns." *Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984).  Bey does not allege that he has been charged with any federal offense, but only state criminal offenses.  Therefore, removal from state to federal court is improper in this case.

Finally, under *Younger v. Harris* and its progeny, federal courts are required to abstain from interfering with ongoing state criminal proceedings absent those truly extraordinary circumstances in which it is necessary for the federal courts to intervene to prevent immediate irreparable injury.  *Younger v. Harris* , 401 U.S. 37 (1970); s*ee also Samuels v. Mackell*, 401 U.S. 66, 69 (1971); *Arkebauer v. Kiley*, 985 F.2d 1351, 1357 (7th Cir. 1993).  Bey does not allege that such extraordinary circumstances apply in this case and the court will forebear from interfering with the state's criminal proceedings against him.  Bey's proper route to bring his case to federal court is to seek a writ of certiorari from the United States Supreme Court once there is a final state court judgment.

Bey's petition does not meet any of the statutory criteria for removing this case from state to federal jurisdiction and he adduces no evidence of extraordinary circumstances that might provide this court with jurisdiction to intervene. Consequently, the court remands his case to the state court.

## II. CONCLUSION

For the reasons stated above, Bey's case is remanded to the state court for further proceedings.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 29, 2008